Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000059
28-FEB-2011
08:27 AM

NO. CAAP-10-0000059

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Interest of SR

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-S NO. 10-1-0062)

ORDER GRANTING JANUARY 19, 2011 MOTION TO DISMISS APPEAL
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Upon review of (1) Petitioner-Appellee Department of Human Services' (Appellee DHS) January 19, 2011 motion to dismiss appellate court case number CAAP-10-0000059, (2) Mother-Appellant's January 26, 2011 memorandum in opposition to Appellee DHS's January 19, 2011 motion to dismiss appellate court case number CAAP-10-0000059, and (3) the record, it appears that Appellee DHS's January 19, 2011 motion to dismiss Appeal No. CAAP-10-0000059 has merit because Mother-Appellant lacks standing to assert this appeal under Hawaii Revised Statutes (HRS) § 571-54 (2006).

Appellee DHS argues that we should dismiss Mother-Appellant's appeal from the Honorable Geronimo Valdriz, Jr.'s, September 13, 2010 order dismissing Appellee DHS's July 29, 2010

petition for temporary foster custody (Dismissal Order) because this appeal is moot. However, instead of relying on the mootness doctrine, we dismiss this appeal based on Mother-Appellant's lack of standing. HRS § 571-54 requires that the appealing party must be "aggrieved":

> An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court, and review shall be governed by chapter 602, except as hereinafter provided.

HRS § 571-54 (emphasis added). The September 13, 2010 Dismissal Order is a final order because it ends the proceedings for the Appellee DHS's July 29, 2010 petition for temporary foster custody, leaving nothing further to be accomplished. The Dismissal Order specifically provides that the case is "closed."

The Supreme Court of Hawai'i has stated that

> [g]enerally, the requirements of standing to appeal are: (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citation, internal quotation marks and original emphasis omitted; emphasis added). Mother-Appellant cannot satisfy the third requirement for standing in an appeal because the Dismissal Order does not aggrieve Mother-Appellant. On the contrary, Mother-Appellant was the prevailing party with respect to the Dismissal Order which dismissed Appellee DHS's July 29, 2010 petition for temporary foster custody. Mother-Appellant's dispute appears to be with the allegations in the DHS's petition for foster custody and not with the family court's decision. As

-2-

the prevailing party, Mother-Appellant is not "aggrieved" by the Dismissal Order, as HRS § 571-54 requires for an appeal. Thus, Mother-Appellant lacks standing to assert an appeal from the Dismissal Order.

Therefore, IT IS HEREBY ORDERED that Appellee DHS's January 19, 2011 motion to dismiss Appeal No. CAAP-10-0000059 is granted.

DATED: Honolulu, Hawaiʻi, February 28, 2011.



Chief Judge


Associate Judge


Associate Judge